B 104 [08/07]

| ADVERSARY PROCEEDING COVER SHEET (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|

| PLAINTIFFS<br>GERALD H. DAVIS, TRUSTEE | DEFENDANTS<br>MARK L. HAGEN<br>LOIS D. HAGEN | Case # : 09-90470-JMAD<br>Debtor.: DAVIS, CH. 7 TRUSTEE<br>Judge..: JAMES MEYERS<br>Chapter: AD<br>------------------------------------<br>Filed   : October 13, 2009  12:48:26<br>Deputy : SEAN SLAUGHTER<br>Receipt: 206653<br>Amount : $250.00<br>------------------------------------ |
|---|---|---|

| ATTORNEYS (Firm Name, Address, and Telephone No.)<br>RUDOLPH LAW FIRM<br>GARY B. RUDOLPH, ESQ. (#101921)<br>864 GRAND AVENUE - P.O. BOX 433<br>SAN DIEGO, CA 92109 | ATTORNEYS (If Known) |
|---|---|

**PARTY** (Check One Box Only)
☐ Debtor         ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor       ☐ Other
☒ Trustee

**PARTY** (Check One Box Only)
☒ Debtor         ☐ U.S. Trustee/Bankruptcy Admin
☐ Creditor       ☐ Other
☐ Trustee

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)
COMPLAINT FOR TURNOVER AND SALE OF MOTOR VEHICLE - 11 U.S.C. SECTIONS 363(h) and 542(a)

**NATURE OF SUIT**
(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☒ 11 - Recovery of money/property - § 542 turnover of property
☐ 12 - Recovery of money/property - § 547 preference
☐ 13 - Recovery of money/property - § 548 fraudulent transfer
☐ 14 - Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☒ 21 - Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31 - Approval of sale of property of estate and of co-owner - § 363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41 - Objection / revocation of discharge - § 727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51 - Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66 - Dischargeability - § 523(a)(1),(14),(14A) priority tax claims
☐ 62 - Dischargeability - § 523(a)(2), false pretenses, false representation, actual fraud
☐ 67 - Dischargeability - § 523(a)(4), fraud as fiduciary, embezzlement, larceny
(continued next column)

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61 - Dischargeability - § 523(a)(5), domestic support
☐ 68 - Dischargeability - § 523(a)(6), willful and malicious injury
☐ 63 - Dischargeability - § 523(a)(8), student loan
☐ 64 - Dischargeability - § 523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65 - Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71 - Injunctive relief - reinstatement of stay
☐ 72 - Injunctive relief - other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81 - Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91 - Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01 - Determination of removed claim or cause

**Other**
☒ SS-SIPA Case – 15 U.S.C. §§ 78aaa et.seq.
☐ 02 - Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

☐ Check if this case involves a substantive issue of state law
☐ Check if a jury trial is demanded in complaint

☐ Check if this is asserted to be a class action under FRCP 23
Demand $  SUBJECT TO PROOF AT TIME OF TRIAL

Other Relief Sought
SALE OF DISPUTED CO-OWNED PROPERTY

B 104

B 104 (Page 2) [08/07]

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | |
|---|---|---|
| NAME OF DEBTOR<br>MARK L. HAGEN | | BANKRUPTCY CASE NO.<br>08-03080-JM7 |
| DISTRICT IN WHICH CASE IS PENDING<br>SOUTHERN DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE<br>JAMES MEYERS |
| RELATED ADVERSARY PROCEEDING (IF ANY) | | |
| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISIONAL OFFICE | NAME OF JUDGE |

SIGNATURE OF ATTORNEY (OR PLAINTIFF)

DATE: 10/13/09

PRINT NAME OF ATTORNEY (OR PLAINTIFF): GARY B. RUDOLPH, ESQ.

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also complete and file Form 104, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). In some courts, the cover sheet is not required when the adversary proceeding is filed electronically through the court's Case Management/Electronic Case Files (CM/ECF) system. (CM/ECF captures the information on Form 104 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and the defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party.** Check the most appropriate box in the first column for the plaintiffs and in the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.

B 104

Case 09-90470-JM    Filed 10/13/09    Entered 10/13/09 10:12:28    Doc 1    Pg. 3 of 8

Case # : 09-90470-JMAD
Debtor.: DAVIS, CH. 7 TRUSTEE
Judge..: JAMES MEYERS
Chapter: AD
------------------------------------
Filed   : October 13, 2009  10:15:17
Deputy  : SEAN SLAUGHTER
Receipt : 206653
Amount  : $250.00
------------------------------------

**RUDOLPH LAW FIRM**
Gary B. Rudolph, Esq. (#101921)
864 Grand Avenue
P.O. Box 433
San Diego, CA 92109
Tel. & Fax: (858) 412-6822
Proposed Attorney for Gerald H. Davis, Chapter 7 Trustee

# UNITED STATES BANKRUPTCY COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>MARK L. HAGEN,<br><br>    Debtor.<br>_____<br><br>GERALD H. DAVIS, Chapter 7 Trustee,<br><br>    Plaintiff,<br>v.<br><br>MARK L. HAGEN, an individual and LOIS D. HAGEN, an individual,<br><br>    Defendant.<br>_____ | Case No. 08-03080-JM7<br><br>Adversary No.<br><br>**COMPLAINT FOR TURNOVER AND SALE OF MOTOR VEHICLE [11 U.S.C. §§ 363(h) and 542(a)]** |

Plaintiff, Gerald H. Davis, Chapter 7 Trustee ("Plaintiff"), alleges as follows:

**JURISDICTION AND VENUE**

1.    This adversary proceeding is brought pursuant to 11 U.S.C. §§ 363(h), 542(a) and Rule 7001 of the Federal Rules of Bankruptcy Procedure.

2.    This Court has subject matter jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(b) and 1334(b) in that it arises under Title 11 of the United States Code.

Original    COMPLAINT FOR SALE OF MOTOR VEHICLE.wpd

3. Pursuant to Fed. R. Bankr. P. 7008(a), Plaintiff states this adversary proceeding is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (H) and (O).

4. Venue of this adversary proceeding is proper in this Court pursuant to 28 U.S.C. § 1409(a).

5. On April 16, 2008, Mark L. Hagen filed a voluntary petition under Chapter 11, Title 11, United States Code as case no. 08-03080-JM 11.

6 On December 24, 2008, an order granting motion to convert case from Chapter 11 to Chapter 7 was entered and on January 9, 2009, Plaintiff was duly appointed, qualified, and is the acting Trustee of the Debtor's bankruptcy estate ("Estate").

## PARTIES

7. Plaintiff is the duly appointed Chapter 7 Trustee in this Bankruptcy Case.

8. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant Lois D. Hagen was an individual residing of the County of King, State of Washington.

9. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant Lois D. Hagen was the mother of Debtor Mark L. Hagen.

## FACTS

10. Defendant Mark L. Hagen is the owner of a 50 % interest in a 2004 Mercedes Benz CLK 320CP automobile, Vehicle Identification No. WDBTJ65J84F100850 ("Vehicle"). A copy of the State of Washington Vehicle Registration for the subject Vehicle is attached hereto as Exhibit "A" and incorporated herein by reference.

11. Defendant Lois D. Hagen is the owner of the remaining sixty percent (50%) interest in the subject Vehicle. See, Exhibit "A" attached hereto.

12. Plaintiff is informed and believes, and on that basis alleges, that at all relevant times, Defendant Lois D. Hagen has possession of subject Vehicle

13. The Defendants Mark L. Hagen and Lois D. Hagen are tenants-in-common or joint tenants as to their respective interests in the subject Vehicle as described in paragraph 10 above.

**FIRST CLAIM FOR RELIEF**

**[Sale of Entire Vehicle Pursuant to 11 U.S.C. §363(h)]**

14. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 13, inclusive, of this Complaint.

15. The Vehicle referenced in paragraph 10 is property of the bankruptcy estate under 11 U.S.C. § 541 which Plaintiff is entitled administer on behalf of the unsecured creditors of this estate.

16. Since Defendants Mark L. Hagen and Lois D. Hagen hold their respective interests in the subject Vehicle as co-owners, the Plaintiff may be authorized to sell both the estate's interest (Defendant Mark L. Hagen's 50% interest) and the interest of Defendant Lois D. Hagen as a co-owner (50% interest) in accordance with 11 U.S.C. Section 363(h).

17. Partition in kind of the subject Vehicle among the estate and co-owner Lois D. Hagen is impracticable; and the sale of the estate's undivided 50% interest in the subject vehicle would realize significantly less for the estate than sale of the subject Vehicle free of the interest of the co-owner Defendant Lois D. Hagen; and the benefit to the estate of the sale of the subject Vehicle free of the interest of the co-owner outweighs the detriment, if any, to the co-owner; and such Vehicle is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

**SECOND CLAIM FOR RELIEF**

**(For Turnover of Property the Estate Pursuant to 11 U.S.C. § 542)**

18. Plaintiff realleges and incorporates herein by this reference the allegations contained in paragraphs 1 through 17, inclusive.

19. On April 23, 2009, an Order was entered in the main bankruptcy case compelling Defendant Mark L. Hagen to turnover the subject Vehicle or its value to the possession of the Plaintiff as Docket No. 283.

20. As of the date of filing this Complaint, Defendant Mark L. Hagen has failed to turnover the subject Vehicle or its value to the Plaintiff.

Defendants Mark L. Hagen and Lois D. Hagen have a duty to turn over all estate property to the Plaintiff pursuant to 11 U.S.C. § 542(a).

22. As a proximate result of Defendant Mark L. Hagen and Lois D. Hagen's failure to turnover the subject Vehicle, the Plaintiff has suffered monetary damages in the approximate amount of $20,000, according to proof a trial

23. By this complaint, Plaintiff demands that Defendants Mark L. Hagen and Lois D. Hagen turn over all right, title and interest in the Vehicle to the Plaintiff for sale under 11 U.S.C.§ 363(h).

WHEREFORE, the Plaintiff prays for judgment against Defendants Mark L. Hagen and Lois D. Hagen as follows:

### FIRST CLAIM FOR RELIEF

1. That judgment be entered in favor of the Plaintiff-Trustee and against the Defendants Mark L. Hagen and Lois D. Hagen authorizing and ordering the sale of the entire subject Vehicle by the Plaintiff-Trustee in accordance with 11 U.S.C. Section 363(h); and

2. That in accordance with 11 U.S.C. Section 363(j), that the Plaintiff-Trustee shall distribute the proceeds of sale to Defendant Lois D. Hagen as co-owner in accordance with her 50% interest in the subject Vehicle less costs and expenses incurred in the sale and turnover action; and

3. That the Court fix a time prior to sale of the subject Vehicle for the Defendant Lois D. Hagen to purchase the subject Vehicle at the price at which the proposed sale is to be consummated in accordance with 11 U.S.C. Section 363(i); and

4. For such other and further relief as the court deems just and proper.

### SECOND CLAIM FOR RELIEF

1. That judgment be entered in favor of the Plaintiff for the benefit of the estate requiring Defendants Mark L. Hagen and Lois D. Hagen to turn over the subject Vehicle to Plaintiff for sale as alleged herein in accordance with 11 U.S.C. § 542.

2. For damages in the approximate amount of $20,000.00

3. For interest, cost of suit and attorneys' fees, if appropriate.

4. For such other and further relief as the Court deems just and proper.

RUDOLPH LAW FIRM

Dated: October 13, 2009

By: /s/ Gary B. Rudolph
Gary B. Rudolph, Esq.,
Proposed Attorney for Gerald H. Davis, Trustee

Apr 29 09 03:48p    Ryan Glasgow                           5520                               p.3
04/29/2009  14:49   206-236-2950          QFC 806 M. ISLAND                        PAGE  02

**WASHINGTON STATE DEPARTMENT OF**
**LICENSING**

02/24/2009 VEHICLE REGISTRATION CERTIFICATE                                       172SEU

| Lic/Plt 172SEU | Iss-Dt 02/2004 | Tab-No M013821 | Reg-Exp 02/21/2010 | Val-Cd/Year 44350/2004 | Dep 1 | Mo-Reg 12 | Mo-Gwt | Pwr G | Use PAS | Mdyr 2004 |
|---|---|---|---|---|---|---|---|---|---|---|
| Make MERBZ | Body 320CP | VIN or Serial No WDBTJ65J84F100850 | Res-Co 17 | Sclwt 3415 | Seats | Model/BT | Gwt | Gwt-St | Gwt-Exp | Flt |
| Equip | Prev-Plt | Filing $3.00 | Monorail | RTA Tax $87.00 | Subagent $4.00 | Gwt/Veh Wt $10.00 | Other $30.75 | Total Fees $134.75 | Check $130.75 | Gwt Cr |

HAGEN, LOIS D
HAGEN, MARK
7875 85TH PL SE
MERCER ISLAND      WA 98040

DAIMLERCHRYSLER LLC
P O BOX 685
ROANOKE                TX 76262

_Lois D. Hagen_
SIGNATURE OF REGISTERED OWNERS                     SIGNATURE OF REGISTERED OWNERS

COMMENTS:
PL-F - COLOR-GOLD - DISPLAY TAB ON BACK LICENSE PLATE ONLY - FRONT PLATE ISSTILL REQUIRED.

REMARKS:

BRANDS:

RPT ID: AREGPR-1    VALIDATION CODE    531731060905502240900052061030
                   THIS CERTIFICATE IS NOT PROOF OF OWNERSHIP
TD-420-40(R7/98)AREGPR:2008/21/7.00003(1)

Exhibit A